**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3915
_____

AMRUTLAL MANILAL PATEL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 058-155-359)
Immigration Judge: Honorable Walter A. Durling

Argued:  June 7, 2016

Before:  CHAGARES, KRAUSE, and SCIRICA, <u>Circuit Judges</u>.

(Filed: July 19, 2016)

Robert D. Kolken, Esq. [ARGUED]
Kolken & Kolken
135 Delaware Avenue, Suite 101
Buffalo, New York 14202

        Counsel for Petitioner

Benjamin C. Mizer, Esq.
Greg D. Mack, Esq.
Richard Zanfardino, Esq.
Manuel A. Palau [ARGUED]
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878 Ben Franklin Station

Washington, D.C. 20044

Counsel for Respondent

_____

OPINION[*]

_____

CHAGARES, Circuit Judge.

Petitioner Amrutlal Manilal Patel[1] challenges a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal of an Immigration Judge's ("IJ") determination. For the following reasons, we will dismiss Patel's petition for lack of jurisdiction.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Patel, a native and citizen of India, was admitted into the United States as a legal permanent resident in 2006. On June 14, 2015, Patel was ordered removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii)[2] because he committed an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(N).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In the briefing and docketing, petitioner's first name appears as both Amrutlal and Amrutal.

[2] Section 1227(a)(2)(A)(iii) provides: "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii) (emphasis added).

2

The indictment filed against Patel states that he knowingly and in reckless disregard to the fact that an alien ("D.P.") had remained in the United States in violation of law, did conceal, harbor, and shield D.P. from detection for commercial advantage and private financial gain. Patel was not charged with bringing or attempting to bring the alien D.P. into the country.

In the plea agreement, Patel admitted that he owned several Subway restaurants in Lexington, Kentucky. Patel employed several people including D.P. who worked for him from June 1, 2012 to November 19, 2013. Patel admitted that he was aware that D.P. was unlawfully present in the United States. D.P. resided with Patel at the home he owned, and Patel drove D.P. to and from the Subway. Patel admitted that he failed to pay D.P. overtime and paid him cash rather than by payroll.

Patel pled guilty in September 2014 to one count of harboring aliens, pursuant to 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(i), and an unrelated charge involving the non-payment of overtime, in the U.S. District Court for the Eastern District of Kentucky. His plea agreement states that he understands that the relevant count "is an aggravated felony and therefore may result in deportation." Appendix ("App.") 121. Patel was sentenced to six months of imprisonment, three years of supervised release, and payment of $40,684.40 in restitution, representing unpaid overtime. After serving his sentence, Patel was taken into custody by DHS.

DHS commenced removal proceedings against Patel pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who had committed an aggravated felony under 8 U.S.C. § 1101(a)(43)(N). In July 2015, after a hearing, the IJ found that the judgment of

3

conviction showed by clear and convincing evidence that Patel was removable for having been convicted of an aggravated felony.  The IJ ordered Patel removed to India.

Patel timely appealed to the BIA, which rejected his arguments and dismissed the appeal.  He filed a timely petition for review.[3]

## II.

We cannot exercise jurisdiction to review a final order of removal based on commission of an aggravated felony.  See 8 U.S.C. § 1252(a)(2)(C);  Restrepo v. Att'y. Gen. of U.S., 617 F.3d 787, 790 (3d Cir. 2010) ("Congress has stripped the Court of jurisdiction, however, to review an order to remove an alien who commits an aggravated felony.  We nonetheless retain jurisdiction to address this jurisdictional prerequisite — or, more precisely, whether an alien was convicted of a non-reviewable aggravated felony." (citations and quotation marks omitted)).  Our jurisdictional inquiry requires us to address the issue Patel raises on its merits, whether his conviction is an aggravated felony.  "The question of whether an alien's offense constitutes an aggravated felony is reviewed de novo as it implicates a purely legal question that governs the appellate court's jurisdiction."  Restrepo, 617 F.3d at 790.

## III.

On appeal, Patel argues that the BIA erred as a matter of law in determining that his conviction under § 1324(a)(1)(A)(iii) is an aggravated felony.  He points out that the relevant definition of aggravated felony is "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)."  8 U.S.C. §

---

[3] We have since been informed that Patel has been removed to India.

1101(a)(43)(N) (emphasis added). Patel urges that his conviction for harboring aliens is excluded from this definition by the parenthetical phrase, "(relating to alien smuggling)."

A.

Our court has previously rejected the very same argument Patel has raised in <u>Patel v. Ashcroft</u>, 294 F.3d 465 (3d Cir. 2002), <u>superseded by statute on other grounds as recognized by</u> <u>Kamara v. Att'y Gen. of U.S.</u>, 420 F.3d 202, 209 (3d Cir. 2005).[4] In <u>Patel</u>, we explained that the "relating to alien smuggling" parenthetical in section 1101(a)(43)(N) is "descriptive and not restrictive." <u>Id.</u> at 470. We explained that "[t]he phrase is nothing more than a shorthand description of all of the offenses listed in [§ 1324(a)(1)(A)]." <u>Id.</u> We reasoned that the parentheticals were to assist a reader in determining whether a certain offense was an aggravated felony:

> Section 1101(a)(43) contains a long list of aggravated felonies that it references by section number. Without any descriptions of what this "litany of numbers" referred to, determining whether an offense qualified as an aggravated felony would be a long and arduous process. One would need to look up each section number in the Code to get to the right one. The parentheticals here provide an "aid to identification" only.

<u>Id.</u> at 471 (quoting <u>United States v. Monjaras-Castaneda</u>, 190 F.3d 326, 330 (5th Cir. 1999)).

---

[4] Our decision in <u>Patel</u>, as we have noted, was partly superseded by the passage of the REAL ID Act of 2005, which "radically overhauled" the jurisdictional framework in the matter. <u>See, e.g.</u>, <u>Kamara v. Att'y Gen. of U.S.</u>, 420 F.3d 202, 209 (3d Cir. 2005). As we discussed in <u>Kamara</u>, the Real ID Act of 2005 stripped district courts of habeas corpus jurisdiction over final orders of removal in almost all cases. Those jurisdictional concerns, however, do not affect the holding in <u>Patel</u> about the descriptive nature of the parenthetical "relating to alien smuggling." That holding remains good law. <u>See, e.g.</u>, <u>Restrepo v. Att'y Gen. of U.S.</u>, 617 F.3d 787, 792 (3d Cir. 2010).

Finally, we determined in <u>Patel</u> that "(relating to alien smuggling)" must be descriptive because conventions of grammar demonstrate that it modifies the phrase "paragraph (1)(A) or (2) of section 1324(a) of this title," which immediately precedes it, not the term "offense." <u>See</u> 8 U.S.C. § 1101(a)(43)(N) ("[T]he term 'aggravated felony' means … an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling))." If the parenthetical was meant to be restrictive, and modify "offense," the statute would have instead read, "an offense (relating to alien smuggling) described in paragraph (1)(A) or (2) of section 1324(a)." <u>Patel</u>, 294 F.3d at 472. After this statutory analysis, <u>Patel</u> also explained that "we think it obvious that even the nontechnical offense of 'harboring an alien' does <u>relate</u> to alien smuggling." <u>Id.</u> at 473 n.8. (emphasis in original).

The BIA has reached the same conclusion. It has explained that it "disagree[s] with the . . . view that the parenthetical, 'relating to alien smuggling,' in section 1101(a)(43)(N) is language limiting the type of convictions under sections 1324(a)(1)(A) and (2) that may be regarded as an aggravated felony." <u>In re Ruiz-Romero</u>, 22 I. & N. Dec. 486, 489 (BIA 1999). Instead, the BIA has determined "we find that the parenthetical is merely descriptive." <u>Id.</u>

Our case law compels us to hold that Patel's offense is an aggravated felony because the alien smuggling parenthetical is descriptive and not limiting.

B.

Patel also argues that intervening Supreme Court case law requires that we reconsider the BIA's decision. There is no merit to these arguments.

6

Patel points first to a recent Supreme Court case, Mellouli v. Lynch, 135 S. Ct. 1980 (2015), involving an interpretation of an unrelated statute, 8 U.S.C. § 1227(a)(2)(B)(i), which authorizes removal of an alien "convicted of a violation of [state law] relating to a controlled substance (as defined in section 802 of Title 21)." In Mellouli, the Supreme Court held that a state law conviction for possession of drug paraphernalia did not trigger removal under § 1227(a)(2)(B)(i) because the Government must "connect" an element of the conviction to a drug defined in the explicitly mentioned schedule at § 802. Id. at 1990-91. No "controlled substance (as defined in [section 802])" existed in Mellouli, so petitioner's drug paraphernalia conviction did not trigger his removal. Id.

Patel makes an oversimplified argument that the Mellouli Court read "relating to a controlled substance (as defined in section 802 of title 21)" narrowly to require an offense related to a federally controlled substance and that there is no practical difference with the "(relating to alien smuggling)" language in 8 U.S.C. § 1101(a)(43)(N). Patel Br. 12. This reasoning is incorrect.

The statute in question in Mellouli concerned a different provision in a different context. That provision, § 1227(a)(2)(B)(i) provides that a drug conviction is reason for deportation, whereas § 1101(a)(43)(N) exists in a definition section for the term aggravated felony. Patel was specifically convicted under § 1324(a), which is explicitly incorporated into § 1101(a)(43)(N). In contrast, the Mellouli petitioner was not convicted of a crime that connected to the incorporated section, § 802. Therefore, the very defect identified by Mellouli — that the § 1227(a)(2)(B)(i) removal provision was not satisfied

7

because the conviction did not satisfy the incorporated section, § 802 — does not exist here. Patel was convicted under the precise section referenced by the definition of aggravated felony.

The parenthetical in <u>Mellouli</u> is different from the descriptive one before us because it points to a specific section to incorporate — it does not merely summarize (or describe) the crime to be found in that section. The parenthetical in <u>Mellouli</u> identifies the controlled substances that are covered, those "as defined" in "section 802 of Title 21." <u>See</u> 8 U.S.C. § 1227(a)(2)(B)(i). The parenthetical must restrict "controlled substances," because it points to the section that provides a schedule of such substances.

In contrast to <u>Mellouli</u>, "(relating to alien smuggling)" in § 1101(a)(43)(N) is merely a description of the crimes listed in § 1324, which is incorporated outside the parenthetical. Unlike the parenthetical in <u>Mellouli</u>, "(relating to alien smuggling)" is a descriptive finding aid. These significant differences mean that <u>Mellouli</u> does not disturb our precedent in <u>Patel</u>.

In addition to <u>Mellouli</u>, Patel points to several other recent Supreme Court cases in a perfunctory manner. <u>See</u> <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013); <u>Moncrieffe v. Holder</u>, 133 S. Ct. 1678 (2013); <u>Leocal v. Ashcroft</u>, 543 U.S. 1 (2004). It is difficult to see how these cases support his argument. Each of then relate to comparisons between state law claims and generic federal offenses to determine whether an "aggravated felony" for deportation purposes has been triggered. <u>Descamps</u>, 133 S. Ct. at 2285-86 (holding that a burglary conviction under California law was not a violent felony for purposes of the Armed Career Criminal Act); <u>Moncrieffe</u>, 133 S. Ct. at 1682-

8

83 (holding that a state controlled substance offense did not correspond to a federal felony offense and was therefore not an aggravated felony triggering deportation under the INA); <u>Leocal</u>, 543 U.S. at 3-4 (holding that a Florida state DUI is not a crime of violence and therefore not an aggravated felony triggering deportation under INA).

Because we conclude, as we did in <u>Patel</u>, that the phrase "relating to alien smuggling" is descriptive, we do not reach Patel's argument that we should apply the categorical approach to determine whether his alien-harboring conviction qualifies him for removal. But even if we did, his argument would be meritless. The categorical approach is used to determine whether a predicate conviction qualifies an alien for removal.[5] However, where, as here, the federal removal statute references the statute of conviction by citation, the categorical approach does not apply. Furthermore, we have already noted that "the nontechnical offense of 'harboring an alien' does <u>relate</u> to alien smuggling." <u>Patel</u>, 294 F.3d at 473 n.8. (emphasis in original).

## IV.

For the foregoing reasons, we will dismiss the petition for review.

---

[5] "When the Government alleges that a state conviction qualifies as an 'aggravated felony' under the INA, we generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA. Under this approach we look 'not to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony. By 'generic,' we mean the offenses must be viewed in the abstract, to see whether the state statute shares the nature of the federal offense that serves as a point of comparison. Accordingly, a state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense." <u>Moncrieffe</u>, 133 S. Ct. at 1684 (citations and quotation marks omitted).